NO. 07-08-0072-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 25, 2009

______________________________


TERESA BATES, AS THE PERSONAL REPRESENTATIVE OF
THE ESTATE OF KEVIN BATES, AND JOE REYNERO, APPELLANTS

V.

RANDALL COUNTY, APPELLEE

_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 56,384-B; HONORABLE RON ENNS, JUDGE

_______________________________
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


CONCURRING AND DISSENTING OPINION


          By this appeal, Appellants contend the trial court erred by not awarding them more
attorney’s fees. Appellee, by its cross appeal, contends the trial court erred (1) in denying
the its motion for JNOV, and (2) in not awarding attorney’s fees to it pursuant to Texas
Local Government Code section 89.004(b).


 I respectfully dissent from the majority’s
disposition of Appellants’ issue; agree with the disposition of Appellee’s first issue; and,
while concurring in the disposition of the third issue, write separately to express my view
regarding whether attorney’s fees should be considered part of the recovery for purposes
of section 89.004(b). I will address my concerns in reverse order.
Texas Local Government Code § 89.004(b)
          Appellee contends the trial court erred by not awarding it attorney’s fees, pursuant
to section 89.004(b), because Appellants did not recover more as a result of their suit than 
Appellee offered them in settlement of their claims. As the majority notes, this appears to
be an issue of first impression.
          As a part of its reasoning, the majority rejects Appellants’ contention that they did,
in fact, recover more under the judgment than Appellee offered them in settlement of their
claims. Appellants’ contention is premised on a construction of section 89.004(b) that
would include attorney’s fees as part of the “recovery” to be compared to the settlement
offer made by Appellee on presentation of the claim. Because I agree with our sister
courts that section 89.004(a) does not apply to actions brought under the Texas
Whistleblower Act, see Upton County v. Brown, 960 S.W.2d 808, 819 (Tex.App.–El Paso
1997, no pet.), Gregg County v. Farrar, 933 S.W.2d 769, 772 (Tex.App.–Austin 1996, writ
denied), I would not offer an opinion as to whether entitlement to attorney’s fees is a part
of either the original presentation of the claim or the recovery for purposes of the
comparison contemplated by section 89.004(b). See Tex. R. App. P. 47.1 (appellate
opinions should address issues necessary to final disposition of the appeal).
Award of Appellants’ Attorney’s Fees
          The majority concludes that the trial court abused its discretion in its award of
attorney’s fees to Appellants because the trial court awarded only a fraction of the fees
requested without any evidentiary basis for the reduction appearing in the record. I
respectfully disagree.
          A public employee whose employment is suspended or terminated or is subject to
an adverse personnel action in violation of section 554.002 of the Texas Government Code
is entitled to recover reasonable attorney’s fees. Tex. Gov’t Code Ann. § 554.003(a)(4)
(Vernon 2004). A party seeking recovery of attorney’s fees must prove the fees were both
reasonable and necessarily incurred in the prosecution of the case and ask the fact finder
for a specific dollar amount. Lubbock County v. Strube, 953 S.W.2d 847, 857
(Tex.App.–Austin 1997, pet. denied). In reaching the dollar amount, the factfinder must
consider the following factors:
(1) the time and labor required, the novelty and difficulty of the questions
involved, and the skill required to perform the legal service properly;



 
(2) the likelihood . . . that acceptance of the particular employment will
preclude other employment by the lawyer;

 
(3) the fee customarily charged in the locality for similar legal services;

 
(4) the amount involved and the results obtained;

 
(5) the time limitations imposed by the client or by the circumstances;

 
(6) the nature and length of the professional relationship with the client;

 
(7) the experience, reputation, and ability of the lawyer or lawyers
performing the services; and

 
(8) whether the fee is fixed or contingent on results obtained or uncertainty
of collection before legal services have been rendered.



 

Id. at 858 (quoting Tex. Disciplinary R. Prof. Conduct 1.04, reprinted in Tex. Gov’t Code
Ann., tit. 2, subtit. G app. (State Bar Rules, art. X, § 9)).
          An appellate court reviews a trial court’s decision to either grant or deny attorney’s
fees under an abuse of discretion standard, and we review the amount of the attorney’s
fees awarded under a legal sufficiency standard. Hertzberg v. Austin Diagnostic Clinic
Ass’n, P.A., ___S.W.3d___, No. 03-07-0072-CV, 2009 WL 2913620, at *6
(Tex.App.–Austin, Sept. 11, 2009, no pet. h.). In determining whether there is legally
sufficient evidence to support the finding under review, a reviewing court must view the
evidence in a light most favorable to the judgment, indulging every reasonable inference
that supports it, but the court may not disregard evidence that allows only one inference. 
City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005). The trier of fact is the sole
judge of the credibility of the witnesses and of the weight to be given to their testimony. 
Id. at 819. The reviewing court may not substitute its judgment for that of the fact finder,
so long as the evidence falls within the zone of reasonable disagreement. Id. at 822. The
final test for legal sufficiency must always be whether the evidence at trial would enable
reasonable and fair-minded people to reach the verdict under review. Id. at 827. 
          In this case, all parties agreed to submit the issue of attorney’s fees to the court. 
Appellants’ attorneys each submitted itemized billings together with supporting affidavits. 
Clearly, Appellants offered legally sufficient evidence to support the trial court’s attorney’s
fee awards of $15,000 to Bates and $10,000 to Reynero. Accordingly, I would overrule
Appellants’ sole issue and affirm the judgment of the trial court.
 


                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                            



Used="false" Name="Light List Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0429-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

NOVEMBER 23, 2010

 

______________________________

 

 

CHRISTOPHER MICHAEL ALDERETE, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

 

NO. 58,716-D; HONORABLE DON EMERSON, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant,
Christopher Michael Alderete, entered a plea of true
to the State's allegations in its motion to proceed with adjudication of guilt
after having been granted deferred adjudication community supervision for the
offense of assault on a family member[1].  After hearing evidence that Appellant had
violated the terms and conditions of community supervision, the trial court
adjudicated him guilty and sentenced him to fifteen years confinement.  The Trial
Court's Certification of Defendant's Right to Appeal indicates that Appellant's
case was a plea-bargain case with no right of appeal and that Appellant waived
his right of appeal.

            By
letter dated October 21, 2010, this Court notified Appellant of the
consequences of the certification and invited him to either file an amended
certification showing a right of appeal or demonstrate other grounds for
continuing the appeal on or before November 10, 2010.  Appellant was also notified that failure to
do so might result in dismissal of the appeal pursuant to Rule 25.2 of the
Texas Rules of Appellate Procedure. 

            In
response to this Court's letter, Appellant filed a "Motion for Extension
of Time" on his appeal to seek help from outside sources.  He also expressed an intent
to file a petition for discretionary review with the Texas Court of Criminal
Appeals.  Appellant's response, however,
does not contradict the trial court's certification.  Appellant also failed to file an amended
certification reflecting a right of appeal and did not show cause for
continuing his appeal.  Consequently,
this appeal is dismissed based on the certification signed by the trial
court.  See Tex. R. App. P. 25.2(d).

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

 

Do not publish.











[1]Tex.
Penal Code Ann. § 22.01(b)(2) (Vernon Supp. 2010).